# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AERO EXPRESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-0061-CV-W-DW |
| | ) |
| GREGG ELKINS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim. (Doc. 40). Defendant failed to file an opposition. According to Western District of Missouri Local Rule 56.1, "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." All facts stated in Plaintiff's Statement of Uncontroverted Material Facts are thus admitted for the purposes of this Motion.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. See Fed. R. Civ. P. 56. Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgement is appropriate. Case v. ADT Automotive, 17 F. Supp. 2d 1077 (W.D. Mo. 1997), citing Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The

Court must deny the motion, regardless of the non-moving party's response, if the moving party fails to meet its initial burden. Id.

Once the initial burden is met, the burden shifts to the nonmovant to set forth specific facts by affidavit or other evidence showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Nonmovant may not rest on the mere allegations of its pleadings. Id. It is the court's obligation, however, to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences.

Defendant filed a Counterclaim for Breach of a Compensation Agreement. According to Defendant, Plaintiff breached its agreement by failing to pay Defendant an agreed five percent commission. The uncontroverted material facts are, however, that Plaintiff fairly paid all Defendant's commissions prior to Defendant becoming a salary only employee.

Defendant also argued that Plaintiff breached an agreement to revisit Defendant's compensation structure to include a commission component. Under Missouri and Kansas law, an agreement to contract in the future is generally unenforceable unless all the terms and conditions are agreed upon and nothing is left for further negotiations. See American Nat'l Ins. Co. v. Noble Communs. Co., 936 S.W.2d 124, 132 (Mo. Ct. App. 1996) ("If essential terms are reserved for future determination, the parties have not assented to the proposed terms and no contract is formed."); Dougan v. Rossville Drainage Dist., 270 Kan. 468, 488 (Kan. 2000). The parties had not reached an agreement as to Defendant's future compensation. Indeed, parties had not even reached definitive terms as to Plaintiff's revisiting Defendant's contract. Accordingly, there is no enforceable contract.

Defendant's final argument, that Plaintiff breached its contract when it failed to provide him with a promised Harley Davidson, also fails. The undisputed material facts show that

Defendant was promised the motorcycle if he obtained a certain level in sales from a specific group of engines. Defendant failed to meet that requirement and thus has no right to enforce the agreement.

Since there are no genuine issues of material fact as to Defendant's Counterclaim, Plaintiff's Motion for Summary Judgment is GRANTED. (Doc. 40). Defendant's Counterclaim is dismissed.

Date: December 5, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court